**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINA WANG, | No.    16-70175 |
| Petitioner, | Agency No. A088-328-907 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Lina Wang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

As to Wang's claim of past harm, substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wang's testimony and written declaration regarding the location of her arrest. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Wang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence also supports the agency's determination that Wang did not establish a well-founded fear of future persecution, because even under a disfavored group analysis, Wang did not show sufficient individualized risk. *See Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) ("*[S]ome* evidence of individualized risk is necessary for the petitioner to succeed."). Further, on this record, Wang failed to establish a pattern or practice of persecution of Christians in China. *See id.* at 1060-62 (discussion of the standard for establishing a pattern or practice of persecution). Thus, Wang's asylum claim fails.

16-70175

In this case, because Wang failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT protection because Wang failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials Wang references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**